DANIEL CASILLAS, ESQ., SBN 110298
Attorney at Law
101 West Broadway, Suite 1950
San Diego, California 92101
Tel: (619) 237-3777
Fax: (619) 238-9914
Email: dcesq1@sbcglobal.net

Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE CATHY ANN BENCIVENGO)**

| UNITED STATES OF AMERICA, | Criminal Case No. 07MJ2999-CAB |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRETRIAL RELEASE ON BAIL** |
| vs. | |
| JOSE ESTRADA, | |
| Defendant. | |

Defendant, JOSE ESTRADA, by and through his attorney, Daniel Casillas, respectfully submits the following memorandum of points and authorities in support of pretrial release on bail.

**I**

**MR. ESTRADA SHOULD BE ADMITTED TO BAIL SINCE HE DOES NOT POSE A SERIOUS RISK OF FLIGHT, AND A COMBINATION OF CONDITIONS WOULD REASONABLY ASSURE HIS APPEARANCE.**

The Bail Reform Act of 1984 (18 U.S.C. section 3141, *et seq.*) requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. section 3142(c)(2); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). The Bail Reform Act requires detention of a criminal defendant prior to trial only if "no condition or combination of conditions will reasonably

assure the appearance of the person as required and the safety of any other person and the community, . . ." 18 U.S.C. section 3142(e). K The Act does not impair the principle that federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. *United States v. Townsend*, 897 F.2d 989, 993 (9th Cir. 1990); *Motamedi*, 767 F.2d at 1405 (citing *Stack v. Boyle*, 342 U.S. 1, 4 (1951)). In *Stack* the Supreme Court declared:

> From the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of Criminal Procedure, Rule 46(a)(1), federal law has unequivocally provided that *a person arrested for a noncapital offense shall be admitted to bail*. This traditional right to freedom before conviction *permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction*. Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle would lose its meaning. (Italics added).

342 U.S. at 4.

The legislative history of the Bail Reform Act of 1984, contained in Report of the Senate Committee on the Judiciary, emphasized that "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty pending trial." S.Rep. No. 225, 98th Cong., 1st Sess. 7 (1983), *reprinted in* 1984 U.S. Code Cong. & Ad. News, 3182, 3189. Congress was concerned with

> a *small but identifiable group* of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of release can reasonable assure the safety of the community or other persons. It is with respect to this *limited group of offenders* that the courts must be given the power to deny release pending trial. (Italics added).

Id. At 6-7, 1984 U.S. Cong. & Ad. News at 3189.

Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant. *Gebro*, 948 F.2d at 21121; *Motamedi*, 767 F.2d at 14054. On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Gebro*, 948 F.2d at 1121; *Motamedi*, 767 F.2d at 1406-07.

//

> [T]he presumption shifts only the burden of production, not the burden of persuasion, and ultimate burden of persuasion remain on the government. Defendant must produce only "some evidence" that he is not a flight risk and does not pose a danger to the community in order to rebut the presumption. If the defendant produces some evidence, the presumption does not disappear, but rather continues to have some evidentiary weight. Throughout the process, the burden on the government remains one of persuasion by clear and convincing evidence.

*United States v. Clark*, 791 F. Supp. 259, 260 (E.D. Wash. 1992). Here, even though Mr. Estrada is facing a minimum mandatory five year sentence, evidence will be presented at the hearing which will demonstrate Mr. Estrada has extensive ties to the San Bernardino community. Furthermore, Mr. Estrada is able to produce evidence that he is not a flight risk or danger to the community.

Section 3142(g) specifies the various factors that must be considered by the judicial officer in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. section 3142(g). The factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his or her character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id*. The weight of the evidence against the defendant is the least important of the various factors. *Gebro*, 948 F.2d at 1121; *Motamedi*, 767 F.2d at 1408. However, if the evidence is weak, it becomes an important factor favoring release. *Chen*, 820 F.Supp. At 1207.

The factors are to be considered only in terms of the likelihood that the defendant will fail to appear or will pose a danger to any person or to the community; otherwise, "if the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Motamedi*, 767 F.2d at 1408.

**(1) Nature and Circumstances of the Offense Charged**, including whether the offense is a crime of violence or involves narcotic drugs.

Mr. Estrada is one of five individuals charged in an eight count indictment, alleging a violation of Title 21, United States Code, §§ 846, 841(a)(1) and 843(b). The charge alleges

Conspiracy to Knowingly and Intentionally Possess With Intent to Distribute a Controlled Substance (more than 5 kilograms of cocaine).

**(2) Weight of the Evidence Against the Defendant**.

It bears repeating that the weight of the evidence is "the least important of the various factors." *Motamedi*, 767 F. 2d at 1408. To date, the defense has received absolutely no discovery concerning this case. The evidence against Mr. Estrada appears to be that he engaged in a conspiracy to possess more than 5 kilograms of cocaine with intent to distribute. It is expected that the government will proffer that he is one of five defendants involved in the conspiracy. However, Mr. Estrada is presumed to be innocent of the charges and will present a vigorous defense to the charges and in that regard, if released on bond, would readily appear at all court appearances.

**(3) History and Characteristics of the Defendant.**

Mr. Estrada has strong family and community ties to the United States and in particular the San Bernardino County area.

*Length of residence in the community:* Although Mr. Estrada was born in Mexico, he has lived in greater San Bernardino area his entire adult life. Mr. Estrada has many years living in the United States. He had lived, worked, and raised his family in the San Bernardino area of California. He has been with his wife Catalina for a period of 20 years. They have five children ages 18, 16, 12, and 6 year old twins, all United States citizens. Mr. Estrada also has his 71 year old mother living with his family.

Mr. Estrada has an extensive work history in the United States. He has worked since he came to the United States. His most recent employment has been for a car dealership. However, that dealership closed down and Mr. Estrada has continued to work purchasing cars on his own and selling them at a profit.

Mr. Estrada is a legal permanent resident and his children are United States citizens. His community and family ties are in the United States. Mr. Estrada and his wife purchased their residence in San Bernardino, California where they have lived to the present date.

He has very strong family and community ties in the San Bernardino area, and the United States in general. All of his family is in the United States, except for his father. Mr. Estrada is one

of seven children born to his parents. Mr. Estrada has six (6) siblings and they all live in the United States. From oldest to youngest his siblings are as follows:

1. Maria Elena Castro, age 48, lives in Fort Worth, Texas. Mrs. Maria Elena Castro is married and has 2 children together and 6 grandchildren.

2. Arturo Estrado, age 47, lives in Los Angeles, California. Mr. Arturo Estrado is divorced and has one child.

3. Willialdo Estrada, age 45, lives in Chicago, Illinois. Mr. Willialdo Estrada is married and has nine children.

4. Raul Estrada, age 42, lives in Victorville, California. He is divorced and has 2 children.

5. Miguel Angel Estrada, age 35, lives in Los Angeles, California. Mr. Miguel Angel Estrada is divorced with 3 children.

6. Roberto Estrada, age 32, lives in Los Angeles, California. Mr. Roberto Estrada is married with 2 children.

As outlined above, most of his family is in the United States, and the amount of time he could receive in custody does not outweigh the ties to the United States. Conditions of release will reasonably assure his appearance as required by the Court. Mr. Estrada has the support of his family and friends, and his wife is willing to sign a Surety Bond secured by real property in the amount the of $50,000.00 as recommended by Pretrial Services.

Most importantly, is that Mr. Estrada has no prior failures to appear in court. As such, this Court should give this substantial weight in his favor.

*Current Probation, Parole, or Other Release Status of Mr. Estrada* : Based on the information provided to date, there is no indication that Mr. Estrada was on probation, parole or any other type of release at the time of his arrest on this offense.

**(4) Nature and Seriousness of the Danger to Any Person or the Community.**

The government is not seeking detention based on danger to the community. As such, Mr. Estrada does not pose a danger to any person or the community if he is released on bail.

Mr. Estrada also is not a flight risk. He has substantial ties to the community. The

1  government must prove that no combination of conditions can reasonable assure the safety of the
2  community and the appearance of the defendant.  *See United States v. Chen*, 820 F.Supp. 1205, 1208
3  (N.D. Cal. 1992).  As stated in *Chen*:

> The government must point to more than the to justify detention, and must prove by clear and convincing evidence that the defendant poses a danger to the community or by a preponderance of the evidence that the defendant poses a flight risk.  *Gerbo*, 948 F.2d at 1121.

820 F.Supp. at 1208.

Mr. Estrada should be admitted to bail since he not a danger to the community, does not pose a serious risk of flight, and a combination of conditions would reasonable assure his appearance.

Mr. Estrada submits that he is entitled to reasonable conditions of release.  Furthermore, if released on bail, he will appear in court in the Northern District of Illinois, Eastern Division for further proceedings.

Mr. Estrada requests that bail be set in a reasonable amount as a personal surety or secured by real property.  Conditions of release will reasonably assure his appearance as required by the Court.  Accordingly, this Court should set conditions of release for Mr. Estrada pending trial.

## II
## CONCLUSION

For the foregoing reasons, defendant JOSE ESTRADA, by and through his attorney, Daniel Casillas, respectfully requests that this court grant him bail pending trial.

Dated: January 23, 2008

                                          Respectfully submitted,

                                          *s/DANIEL CASILLAS*
                                          DANIEL CASILLAS
                                          Attorney for Defendant
                                          JOSE ESTRADA

```
 1  DANIEL CASILLAS, ESQ., SBN 110298
    Attorney at Law
 2  101 West Broadway, Suite 1950
    San Diego, California 92101
 3  Tel:  (619) 237-3777
    Fax: (619) 238-9914
 4  Email: dcesq1@sbcglobal.net

 5  Attorney for Defendant
    JOSE ESTRADA
 6
 7
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Criminal Case No. 07MJ2999-CAB |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| JOSE ESTRADA, | |
| Defendant. | |

I, the undersigned, declare:  That I am over eighteen years of age, a resident the County of San Diego, State of California, and I am not a party in the within action;   That my business address is: 101 West Broadway, Suite 1950, San Diego, CA 92101.

That I caused to be served the within **NOTICE OF MOTION AND MOTION FOR DEFENDANT'S PRETRIAL RELEASE ON BAIL PURSUANT TO 18 U.S.C.§3141 ET. SEQ.,** on the Untied States Attorney's Office, by electronically filing the document with the Clerk of the United States District Court for the Southern District of California, 880 Front Street, San Diego, California 92101, using its ECF System, which electronically notifies them.

I certify that the foregoing is true and correct.  Executed on January 23, 2008, at San Diego, California.

                                              *s/DANIEL CASILLAS*
                                              DANIEL CASILLAS
                                              Attorney for Defendant